UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARC ANTHONY EARLEY,

                     Plaintiff,

   v.

NDOC, *et al.*,

                  Defendants.

Case No. 3:22-cv-00299-ART-CLB

DISMISSAL ORDER FOR FAILURE
 TO FILE AMENDED COMPLAINT

      Plaintiff Marc Earley ("Plaintiff") brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Ely State Prison. (ECF No. 4 at 1.) On January 30, 2023, this Court entered an order stating Plaintiff must file a second amended complaint by March 1, 2023. (ECF No. 12 at 9-10.) The Court warned Plaintiff that the action could be dismissed if he failed to file a second amended complaint by that deadline. (*Id.*) That deadline expired and Plaintiff did not file a second amended complaint, move for an extension, or otherwise respond.

## I.   DISCUSSION

      District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to

1    manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
2    favoring disposition of cases on their merits; and (5) the availability of less drastic
3    alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217,
4    1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

5         The first two factors, the public's interest in expeditiously resolving this
6    litigation and the Court's interest in managing its docket, weigh in favor of
7    dismissing Plaintiff's claims. The third factor, risk of prejudice to defendants,
8    also weighs in favor of dismissal because a presumption of injury arises from the
9    occurrence of unreasonable delay in filing a pleading ordered by the court or
10   prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.
11   1976). The fourth factor—the public policy favoring disposition of cases on their
12   merits—is greatly outweighed by the factors favoring dismissal.

13        The fifth factor requires the Court to consider whether less drastic
14   alternatives can be used to correct the party's failure that brought about the
15   Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983,
16   992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before*
17   the party has disobeyed a court order does not satisfy this factor); *accord*
18   *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that
19   "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted
20   pursuit of less drastic alternatives prior to disobedience of the court's order as
21   satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled
22   with the warning of dismissal for failure to comply[,]" have been "eroded" by
23   *Yourish*). Courts "need not exhaust every sanction short of dismissal before
24   finally dismissing a case, but must explore possible and meaningful
25   alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).
26   Because this action cannot realistically proceed until and unless Plaintiff files a
27   second amended complaint, the only alternative is to enter a second order setting
28   another deadline. But the reality of repeating an ignored order is that it often

1    only delays the inevitable and squanders the Court's finite resources. The

2    circumstances here do not indicate that this case will be an exception: there is

3    no hint that Plaintiff needs additional time or evidence that he did not receive

4    the Court's screening order. Setting another deadline is not a meaningful

5    alternative given these circumstances. So the fifth factor favors dismissal.

6    **II.    CONCLUSION**

7    Having thoroughly considered these dismissal factors, the Court finds that

8    they weigh in favor of dismissal. It is therefore ordered that this action is

9    dismissed without prejudice based on Plaintiff's failure to file a second amended

10    complaint in compliance with this Court's January 30, 2023, order and for

11    failure to state a claim. The Clerk of Court is directed to enter judgment

12    accordingly and close this case. No other documents may be filed in this now-

13    closed case. If Plaintiff wishes to pursue his claims, he must file a complaint in

14    a new case.

15    It is further ordered that Plaintiff's application to proceed *in forma pauperis*

16    (ECF No. 1) without having to prepay the full filing fee is **granted**. Plaintiff will

17    **not** be required to pay an initial installment fee. Nevertheless, the full filing fee

18    will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison

19    Litigation Reform Act.

20    It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by

21    the Prison Litigation Reform Act, the Nevada Department of Corrections will

22    forward payments from the account of **Marc Anthony Earley, #1190247** to the

23    Clerk of the United States District Court, District of Nevada, 20% of the preceding

24    month's deposits (in months that the account exceeds $10.00) until the full $350

25    filing fee has been paid for this action. The Clerk of the Court will send a copy of

26    this order to the Finance Division of the Clerk's Office. The Clerk will send a copy

27    of this order to the Chief of Inmate Services for the Nevada Department of

28    Corrections at formapauperis@doc.nv.gov.

3

It is further ordered that, even though this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

DATED THIS 31st day of March 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4